FILED

2021 Jan-15  AM 10:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **RODNEY SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. 5:19-CV-01913-CLS** |
| | ) | |
| **UNITED STATES CITIZENSHIP** | ) | |
| **AND IMMIGRATION SERVICE,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Plaintiff Rodney Smith, a native of Bermuda present in the United States on an F-1 student visa, sought to extend his time here by applying for employment authorization through the Optional Practical Training program. His application was denied twice: first as premature, then again as untimely. He then brought this action against the United States Citizenship and Immigration Service ("USCIS"), former Acting Secretary of the Department of Homeland Security Kevin McAleenan, Acting USCIS Director Ken Cuccinelli, and former Attorney General William P. Barr for violations of the Administrative Procedure Act, 5 U.S.C. § 702.[1]

The case presently is before the court on plaintiff's motion for summary

---

[1] All defendants will be collectively referred to as "USCIS."

judgment (doc. no. 13) and defendants' cross-motion for summary judgment (doc. no. 14).  Upon consideration of the motions, briefs, and pleadings,[2] the court enters the following opinion.

## I.  UNDISPUTED FACTS

Plaintiff Rodney Smith, a native and citizen of Bermuda, first entered the United States as an F-1 nonimmigrant student to attend Alabama Agricultural and Mechanical University ("Alabama A&M").[3]  He received a Masters of Social Work degree from Alabama A&M in May of 2018.[4]

Prior to his graduation, Smith began the process of extending his time in the United States by applying for Optional Practical Training ("OPT") employment authorization, which is a temporary employment visa that allows F-1 students to obtain employment directly related to their field of study for up to twelve months after completing a degree in the United States.[5]  To apply for OPT employment authorization, an applicant must submit two forms.  First, the applicant must submit

---

[2] *See* doc. no. 1 (Complaint); doc. no. 9 (Corrected Answer); doc. no. 13 (Plaintiff's Motion for Summary Judgment); doc. no. 14 (Defendants' Motion for Summary Judgment); doc. no. 15 (Plaintiff's Response); doc. no. 18 (Defendants' Reply); doc. no. 19 (Administrative Record).

[3] *See* doc. no. 19-2 (Administrative Record for USCIS Decision dated June 1, 2018), at bates number 004–006 (hereinafter, "A.R.1").  The page numbers referred to in the Administrative Record will be the bates numbers found at the bottom center of the page.

[4] A.R.1 at 009.

[5] *See also* Optional Practical Training (OPT) for F-1 Students, USCIS.gov, https://www.uscis.gov/working-in-the-united-states/students-and-exchange-visitors/optional-practical-training-opt-for-f-1-students.

a Form I-765 Application for Employment Authorization.  8 C.F.R. § 214.2(f)(11)(i)(A).  Second, the applicant must submit a Form I-20 Certification of Eligibility for Nonimmigrant Student Status endorsed by the Designated School Official at the applicant's academic institution, and containing that official's recommendation for OPT employment authorization.  The Designated School Official must also note his or her recommendation for OPT employment authorization in the student's record in the Student and Exchange Visitor Information System:  the web-based system that maintains information on nonimmigrant students.  8 C.F.R. § 214.2(f)(11)(i).

The Application for Employment Authorization may be submitted up to ninety days *before* the applicant completes his or her degree, but no later than sixty days *after* degree completion.  8 C.F.R. § 214.2(f)(11)(i)(B)(2).  The Form I-765 must be submitted within thirty days of the date on which the Designated School Official enters the recommendation for OPT employment authorization into the student's record in the Student and Exchange Visitor Information System.  *Id.*

On February 5, 2018, the Designated School Official at Alabama A&M recommended Smith for OPT employment authorization in the Student and Exchange Visitor Information System.[6]  Three weeks later, on February 26, 2018, Smith

---

[6] *See* A.R.1 at 009 (Form I-20 noting date issued as February 8, 2018); doc. no. 19.3–19.11 (Administrative Record for USCIS Decision dated October 3, 2019) at bates number 020

3

submitted his Form I-765, along with the $410 application fee, seeking post-completion OPT employment authorization under 8 C.F.R. § 274a.12(c)(3)(i)(B).[7] In support of his Form I-765, he also submitted a Form I-20 completed by the Designated School Official at Alabama A&M, dated February 8, 2018.[8]

Smith participated in Alabama A&M's graduation ceremonies on May 4, 2018.[9]  About a month later, on June 1st, USCIS denied Smith's application for employment authorization because he had submitted his Form I-765 more than ninety days before the program completion date that the university had provided on the Form I-20 (May 31, 2018).[10]  As measured against that date, he had filed his Form I-765 exactly four days too early.

Smith filed a second Form I-765 on June 19, 2018, which required another $410 application fee.[11]  That application was supported by a Form I-20 signed by the Designated School Official for Alabama A&M dated June 13, 2018.[12]  However, the new Form I-20 did not include the Designated School Official's endorsement for OPT

---

(hereinafter, "A.R.2") (Form I-20 noting date issued as February 5, 2018).

[7] A.R.1 at 004–006.

[8] A.R.1 at 009–010.

[9] *See* doc. no. 15 (Plaintiff's Response in Opposition to USCIS Motion for Summary Judgment), at 2.

[10] A.R.1 at 001–002.

[11] A.R.2 at 0029–0039.

[12] A.R.2 at 036–037.

employment authorization, and she also failed to update the recommendation for OPT employment authorization in Smith's record in the Student and Exchange Visitor Information System, so the date of the recommendation remained February 5, 2018.[13]

On September 21, 2018, USCIS sent Smith a Request for Evidence seeking additional documentation to establish that he had maintained his F-1 nonimmigrant status by enrolling in a full course of study at Alabama A&M.  Specifically, USCIS requested:

1.    A statement from the Designated School Official (DSO) and the Registrar attesting to your physical presence in the classroom;

2.    A full description of your course of study/academic program, including all graduation requirements such as the number of credits or classroom hours and your college's definition of "full course of study" for your degree level;

3.    Copies of your course syllabi for all classes and coursework in which you earned credit towards your degree.  Provide delivery method (in person/lecture, lab, virtual, online, tele-learning, broadcast, satellite, etc.) of the course if not listed on the syllabus;

4.    Proof of tuition payments made by you for the duration of your enrollment;

5.    A copy of your most recent transcripts showing number of credits or hours received.

A.R.2 at 041–042.  The foregoing Request for Evidence also sought a "complete

---

[13] *See* A.R.2 at 037 (Form I-20 with no notation in the Employment Authorization box); A.R.2 at 020–021 (Form I-20 dated February 5, 2018 with Post-completion OPT notation in Employment Authorization box).

listing of all addresses where [Smith] lived while [he] was enrolled as an F-1 student," and a "Form I-20 requesting Post-Completion Optional Practical Training, under category (c)(3)(B)." *Id.* at 042 (alterations supplied).  The Request for Evidence did not, however, inform Smith of any inadequacies with the Form I-20 he had already submitted, nor did it inform him that the recommendation for OPT employment authorization in his record in the Student and Exchange Visitor Information System had been made several months before.  Smith timely responded with evidence that he had maintained valid F-1 nonimmigrant status.[14]

USCIS denied Smith's application for OPT employment authorization on January 30, 2019, because he had failed to file his Form I-765 within thirty days of the date on which the Designated School Official entered the recommendation for OPT employment authorization into Smith's record in the Student and Exchange Visitor Information System (February 5, 2018).[15]  Smith requested that USCIS reopen or reconsider its decision on February 21, 2019, by filing the Form I-290B Notice of Appeal or Motion, accompanied by the required $675 fee.[16]  In support of his motion to reopen or reconsider, Smith submitted a letter from the Alabama A&M Designated School Official Chandra Glover stating that she had mistakenly "failed to re-enter a

---

[14] A.R.2 at 048–607.

[15] A.R.2 at 027–028.

[16] *See* A.R.2 at 006–025.

new OPT request in [the Student and Exchange Visitor Information System]," and requesting that Smith's status be changed from "complete" to "active" in the Student and Exchange Visitor Information System so that he may comply with the requirements once his case had been reopened.  A.R.2 at 018 (alteration supplied).

USCIS denied Smith's motion to reopen or reconsider on October 3, 2019, finding that he had not provided sufficient new information to reopen or reconsider his application.[17]  On November 25, 2019, Smith filed this action alleging that USCIS's decision denying his Form I-290B Notice of Appeal or Motion violated the Administrative Procedure Act.[18]

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). This case is well-suited for summary judgment because the parties do not dispute the material facts and the court's review is limited to the administrative record before the agency.  *See Mahon v. U.S. Department of Agriculture*, 485 F.3d 1247, 1253 (11th Cir. 2007) ("Summary Judgment is particularly appropriate in cases in which a district

---

[17] A.R.2 at 002–003.

[18] *See* doc. no. 1 (Complaint).

court is asked to review a decision rendered by a federal administrative agency.")
(citations omitted).

An agency action challenged under the Administrative Procedure Act ("APA")
may be set aside only if it is "arbitrary, capricious, an abuse of discretion, or
otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). To determine
whether the agency decision violated the APA, the reviewing court "must consider
whether the decision was based on a consideration of the relevant factors and whether
there has been a clear error of judgment." *Fund for Animals, Inc. v. Rice*, 85 F.3d
535, 541-42 (11th Cir. 1996) (quoting *North Buckhead Civic Association v. Skinner*,
903 F.2d 1533, 1538-40 (11th Cir. 1990)).

The court generally accords substantial deference to an agency's interpretation
of a statute it administers, as well as its own implementing regulations. *See Chevron,
U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984)
(creating a test for deference when an agency is interpreting a statute it administers);
*see also Auer v. Robbins*, 519 U.S. 452 (1997) (defining the deference owed an
agency interpreting its own regulations). The stricter *Chevron* deference is owed only
when the agency is exercising its authority to "make rules carrying the force of law."
*United States v. Mead Corp.*, 533 U.S. 218, 226-27 (2001).

Where, as here, the agency is making a non-precedential decision through

informal adjudication, meaning its decision does not carry "the force of law," an interpretation of its own regulations instead receives the less-strict *Skidmore* deference, meaning it "is 'entitled to respect' only to the extent it has the 'power to persuade.'" *Gonzalez v. Oregon*, 546 U.S. 243, 256 (2006) (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)); *see also, e.g.*, *Fogo de Chao (Holdings) Inc. v. U.S. Department of Homeland Security*, 769 F.3d 1127, 1136-37 (D.C. Cir. 2014) ("The absence of those 'relatively formal administrative procedure[s]' that 'tend[ ] to foster the fairness and deliberation that should underlie a pronouncement' of legal interpretation weighs against the application of *Chevron* deference.") (quoting *Mead*, 533 U.S. at 230); *Martinez v. Holder*, 740 F.3d 902, 909-10 (4th Cir. 2014) (holding that non-precedential opinions issued by one member of the Board of Immigration Appeals [BIA] are not entitled to *Chevron* deference); *Dhuka v. Holder*, 716 F.3d 149, 156 (5th Cir. 2013) ("We conclude that a non-precedential opinion of the BIA does not, due to the terms of the regulation itself, bind third parties and is not entitled to *Chevron* deference."); *Carpio v. Holder*, 592 F.3d 1091, 1097 (10th Cir. 2010) (same); *Quinchia v. U.S. Attorney General*, 552 F.3d 1255, 1258 (11th Cir. 2008) (same); *Rotimi v. Gonzales*, 473 F.3d 55, 57-58 (2d Cir. 2007) (same) *Garcia-Quintero v. Gonzales*, 455 F.3d 1006, 1012 (9th Cir. 2006) (same).

When evaluating an agency's regulatory interpretation that is entitled to

*Skidmore* deference, the court will accord deference depending "upon the thoroughness evident in [the agency's] consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control." *Skidmore*, 323 U.S. at 140 (alteration supplied).

## III.  DISCUSSION

Plaintiff asks the court to declare that USCIS arbitrarily and capriciously denied his motion to reopen or reconsider its denial of his second application for employment authorization in violation of the Administrative Procedure Act ("APA"),[19] grant him post-completion Optional Practical Training, and order that he has been (and remains) lawfully present with F-1 status until the completion of this matter.[20]

USCIS initially denied plaintiff's second application for employment authorization because it was not filed within thirty days of the recommendation made

---

[19] Plaintiff also argues in his response that USCIS incorrectly denied his first application for employment authorization because it arbitrarily used the date May 31, 2018, as his program completion date, instead of the date of the graduation ceremonies — May 4, 2018.  *See* doc. no. 15, at 2; A.R.1 at 001-002.  Even though plaintiff believed he filed his application within the appropriate time frame based on his knowledge of when the semester ended, this argument ultimately fails because USCIS used the completion date listed on the Form I-20 provided by plaintiff's university. *See* A.R.1 at 009; *see also* doc. no. 18 (Government's Reply), at 3.  It is of note, however, that USCIS could have chosen to use the "current session end date" of May 15, 2018, on page 2 of the Form I-20 to find that plaintiff was applying within the correct time frame, and to grant his first application.  *See* A.R.1 at 010.

[20] Doc. no. 1 (Complaint), at 6.

by his university's Designated School Official in his record in the Student and

Exchange Visitor Information System as required by 8 C.F.R. § 214.2(f)(11)(i)(B)(2).

The decision from USCIS specifically stated:

> You are applying for post-completion OPT. Your Form I-765 application was receipted by USCIS on June 19, 2018 and the date the DSO entered your recommendation for OPT into your SEVIS record was February 5, 2018. You have failed to submit Form I-765 within 30 days of the date the DSO entered the recommendation for OPT in your SEVIS record. Moreover, SEVIS record shows that on June 13, 2018, your DSO reprinted the I-20 and there is no DSO recommendation entered for the Post Completion OPT. USCIS does not accept a reprinted I-20.

A.R.2 at 027.

Plaintiff moved for the agency to reopen or reconsider that denial.[21] As support

for that motion, plaintiff provided a letter from his university's Designated School

Official that said she had inadvertently failed to update the recommendation for OPT

employment authorization in plaintiff's record in the Student and Exchange Visitor

Information System when she printed the Form I-20 for his second application.[22] She

also requested that USCIS change plaintiff's status in the Student and Exchange

Visitor Information System from "complete" to "active" so he could comply with the

deadlines when the agency reopened his application. USCIS denied plaintiff's

---

[21] A.R.2 at 010–014 (Form I-290B).
[22] A.R.2 at 018 (Letter from DSO).

motion to reopen or reconsider, stating that:

> the language of 8 C.F.R. § 214.2(f)(11)(i)(B)(2) clearly states that the student "must" file the Form I-765 with USCIS within 30 days of the date the DSO enters the recommendation for OPT into his or her SEVIS record. It does not suggest that USCIS has discretion in excusing this requirement. The PDSO's admission of error is insufficient to overcome the applicant's burden that he filed the Form I-765 within 30 days of the date the DSO entered the recommendation for post-completion OPT into his SEVIS record. USCIS also does not accept reprinted Form I-20, and the DSO recommendation for post-completion OPT must be entered into SEVIS not more than 30 days prior to the submission of the student's Form I-765 application.
>
> Your motion does not state sufficient facts in the reopened proceeding, supported by affidavits or other documentary evidence. Your motion also does not state sufficient reasons for reconsideration, supported by precedent decisions, establishing that the decision was based on an incorrect application of law or policy, and establish that the decision was incorrect based on the evidence of record at the time of the initial decision.

A.R.2 at 003.

USCIS correctly denied plaintiff's motion to reconsider because, based on the record evidence available to USCIS when making its initial decision, plaintiff's second application for employment authorization was unambiguously submitted more than thirty days after the date on which the Designated School Official entered the recommendation for OPT employment authorization into his record in the Student and Exchange Visitor Information System. Therefore, plaintiff could not "establish that the decision was incorrect based on the evidence of record at the time of the

initial decision." *See* 8 C.F.R. § 103.5(a)(3).

Accordingly, the court now narrowly evaluates whether USCIS's denial of plaintiff's motion to reopen was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. *See* 5 U.S.C. § 706(2)(A). A motion to reopen requires the movant to "state the new facts to be provided in the reopened proceeding and be supported by affidavits or other documentary evidence." 8 C.F.R. § 103.5(a)(2).

Plaintiff presented the "new facts" through a letter from the Designated School Official at Alabama A&M, which stated in full that:

> Mr. Rodney Smith was accepted as an F-1 student seeking a Master's degree in Social Work at Alabama A&M University (ATL214F00018000) for the fall 2016 semester.
>
> He initially applied for OPT in February of 2018. Due to sending in his application too early he received a denial notification. He [then] requested a "new I-20," and as the PDSO, I failed to re-enter a new OPT request in SEVIS, which resulted in a second denial. Due to the mistake, I am requesting that his status be corrected from "**completed**" to "**active**" in an effort for him to comply with the notice he has now received from USCIS to have his case re-opened and re-considered.
>
> I can contest [*sic*] that Mr. Smith has been an asset to Alabama A&M University and has always remained in compliance with university process and procedures. Your consideration will be greatly appreciated, as this was truly and oversite [*sic*] on the part of the Office of Community College Relations and Global Initiatives.
>
> Thanks!

Chandra J. Glover, M.Ed., PDSO, RO
Director
Community College Relations and Global Initiatives
Alabama A&M University

A.R.2 at 018 (alterations supplied, boldface emphasis in original).

Ms. Glover explained in her letter that it was *her* error, *not* plaintiff's, that caused his application to fail to comply with the regulatory requirements. The Form I-20 that plaintiff submitted with his second application was dated June 13, 2018, only six days before he submitted his second Form I-765. Based on the date of the Form I-20, plaintiff believed he was submitting his application within the 30-day window required by the regulations. Plaintiff had no way of knowing that the recommendation for OPT employment authorization had not been made in his record at that time because only the Designated School Official and USCIS have access to the Student and Exchange Visitor Information System. Yet, USCIS found the letter did not constitute sufficient "new facts" to reopen plaintiff's application.

Plaintiff argues that this decision was arbitrary and capricious because the Department of Homeland Security (USCIS's parent agency) regulations allow for error correction, especially those errors made in the Student and Exchange Visitor Information System. *See* Retention and Reporting of Information for F, J, and M Nonimmigrants; Student and Exchange Visitor Information System (SEVIS), 67 Fed.

Reg. 76,255–76,280 (Dec. 11, 2002). Plaintiff argues that the comments to the regulation recognize that errors are possible and that students should not be penalized when the Designated School Official makes a mistake.[23] The comment specifically

---

[23] The relevant section states in full:

Many commenters contended that the provisions in the proposed rule for reinstatement were unnecessarily strict. Commenters urged the Service to provide relief for students who are adversely affected by "technical or computer errors" in SEVIS, and suggest that the Service adopt provisions similar to the provisions in DOS regulations that allow for a correction of "minor or technical infractions." Commenters stressed that DSOs will make mistakes occasionally, especially when dealing with a new computer system. Other commenters stated that to punish students for mistakes on the part of the DSO is overly punitive.

The Service agrees that there may be a possibility that errors on the part of SEVIS or other technological failures may cause a student to fall out of status. Therefore, the Service has added § 214.3(g)(4) to allow for a student's record to be administratively corrected in situations where the error in question resulted from technological errors or errors on the part of SEVIS. To administratively correct a student's record in instances of SEVIS error or technological failure, the DSO must contact the SEVIS system administrator to explain the circumstances that caused the correction to be requested, with documentation if necessary, as provided in § 214.3(g)(4). An administrative correction by the system administrator will be completed without fee.

However, while the Service recognizes that a DSO may make a mistake in a student's record that causes the student to fall out of status, the Service does not believe that such errors merit an administrative correction. Ultimately, it is the student's responsibility to ensure that he or she remains in status and is in compliance with the regulations at all times. *That is not to say that the student will not be afforded a remedy in these situations.* On the contrary, in instances where the DSO was neglectful or inadvertently failed to update or extend a student's status, the student is permitted to file for reinstatement and establish that the actions on the part of the DSO were beyond his or her control. Where the Service finds that a DSO has repeated violations of Service regulations or finds malfeasance on the part of a DSO, the Service may withdraw the approval of the designated school official.

67 Fed. Reg. 76,264–76,265 (emphasis added). 8 C.F.R. § 214.3(g)(4) has since been redesignated as 8 C.F.R. § 214.3(g)(3).

states that a student whose status is in jeopardy due to a mistake on the part of the Designated School Official "is permitted to file for reinstatement and establish that the actions on the part of the DSO were beyond his or her control." 67 Fed. Reg. 76,265. Plaintiff attempted to solve his dilemma through the method laid out in the comment to the regulation — he provided USCIS with evidence that the Designated School Official had erred, and that the mistake was beyond his control because he had no access to the Student and Exchange Visitor Information System and, therefore, no way of knowing that an error had been made in the system prior to the denial.

USCIS argues that the comments plaintiff cites are outdated simply because they accompany the regulations as promulgated in 2002. There is no evidence that Congress's intention has shifted since the regulations were promulgated eighteen years ago, however, and the regulatory language has not been modified.

In fact, in line with the regulatory language allowing correction of technical errors, at the time plaintiff submitted his second application for employment authorization USCIS had a policy that it would issue Requests for Evidence on any application where "the totality of the evidence submitted does not meet the applicable standard of proof . . . unless . . . there is no possibility that additional evidence available to the individual might cure the deficiency." USCIS, PM-602-0085,

Requests for Evidence and Notices of Intent to Deny (June 3, 2013).[24]  In this case, USCIS issued a Request for Evidence to plaintiff, seeking additional evidence that he had maintained lawful status throughout his degree program, but the Request did not inform plaintiff that the OPT recommendation had not been updated in the Student and Exchange Visitor Information System, that his Form I-20 was missing the notation of the OPT recommendation, or that his Form I-20 had been reprinted, which was unacceptable to them.[25]  Without access to the Student and Exchange Visitor Information System, and without USCIS informing him of the mistake, plaintiff could not have known about the error, or taken steps to correct it.

As explained in the standard of review section, the agency's determination of what constitutes sufficient "new facts" to reopen a proceeding is not entitled to *Chevron* deference because the non-precedential decision directed by an individual officer to an individual applicant does not carry the "force of law."  *See Mead*, 533 U.S. at 234.  That does not mean, however, that the decision does not merit some deference under the Supreme Court's *Skidmore* standard.  *See Skidmore v. Swift &*

---

[24] Approximately one month after plaintiff submitted his second application, USCIS issued a new Policy Memorandum removing the requirement that USCIS officers issue Requests for Evidence unless there is "no possibility" that additional evidence might cure the deficiency. *See* USCIS, PM-602-0163, Issuance of Certain RFEs and NOIDs; Revisions to *Adjudicator's Field Manual* (*AFM*) Chapter 10.5(a), Chapter 10.5(b) (July 13, 2018).  The Memorandum noted, however, that the change was "not intended to penalize filers for innocent mistakes or misunderstandings of evidentiary requirements." *See id.* at 2.

[25] *See* A.R.2 at 0041–0042.

*Co.*, 323 U.S. 134, 140 (1944); *see also generally Metropolitan Stevedore Co. v. Rambo*, 521 U.S. 121, 136 (1997) (reasonable agency interpretations carry "at least some added persuasive force" where *Chevron* is inapplicable); *Reno v. Koray*, 516 U.S. 50, 61 (1995) (according "some deference" to an interpretive rule that "do[es] not require notice and comment"); *Martin v. Occupational Safety & Health Review Commission*, 499 U.S. 144, 157 (1991) ("some weight" is due to informal interpretations though not "the same deference as norms that derive from the exercise of . . . delegated lawmaking powers"). *Skidmore* deference accords an agency's interpretations with respect according to its power to persuade. *See Skidmore*, 323 U.S. at 140.

USCIS's interpretation of what constitutes sufficient new facts is not persuasive. Plaintiff presented evidence that he had complied with the deadlines to the best of his knowledge and ability, and only an error on the part of the Designated School Official kept his application out of compliance. If those new facts were not sufficient, it would have been impossible for plaintiff to provide facts that show he was eligible for OPT employment authorization. USCIS's reasoning that the admission of error "did not overcome the applicant's burden" placed an impossibly high burden on plaintiff and left him at a dead end. His second application was denied initially on January 30, 2019, then the motion to reopen was denied on

18

October 3, 2019:  both dates long after the end of his graduate program, and the window in which he would be able to timely apply for employment authorization under the Optional Practical Training program.  The solution proposed by the Designated School Official when she admitted her error — that plaintiff's status as an F-1 student be changed from "complete" to "active" in order to provide him a window to timely submit documents upon reopening — was completely ignored by USCIS.  The decision to ignore the only solution available to plaintiff and disregard the new facts he presented was, therefore, arbitrary and capricious.

Additionally, USCIS's statement that it does not accept reprinted Forms I-20 also placed plaintiff in an impossible position.  If plaintiff was able to support his application only with the original Form I-20, printed on February 8, 2018, which included the recommendation in the Student and Exchange Visitor Information System from February 5, 2018, it would be impossible for him to comply with the requirement that his application be submitted within thirty days of that date after his first application (which did meet that requirement) was denied on June 1, 2018 for being submitted four days too early.[26]  USCIS does not cite any regulation to support its prohibition on reprinted Forms I-20, nor does it explain how plaintiff possibly could have complied with the appropriate deadlines without asking his Designated

---

[26] *See* A.R.1 at 001.

School Official to reprint the form.

## IV.  CONCLUSION

In accordance with the foregoing, this court finds that USCIS's decision to deny Mr. Smith's motion to reopen his application for employment authorization was arbitrary and capricious.  Plaintiff's motion for summary judgment is due to be granted, and defendants' motion for summary judgment is due to be denied. Plaintiff's application for employment authorization on the basis of post-completion OPT is to be reopened, and his F-1 immigration status be changed from "complete" to "active" in order for him to be able to timely submit new Forms I-20 and I-765 after the Designated School Official makes the recommendation for OPT employment authorization in his record in the Student and Exchange Visitor Information System. An appropriate order consistent with this memorandum opinion will be entered simultaneously herewith.

**DONE** and **ORDERED** this 15th day of January, 2021.

_____
Senior United States District Judge

20